## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2017, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEY FOR APPELLEES

George G. Ponton
Frankfort, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re: The Adoption of C.G.C.,

M.T.,

*Appellant-Respondent,*

v.

C.C. and S.C.,

*Appellees-Petitioners.*

October 31, 2017

Court of Appeals Case No.
12A02-1607-AD-1759

Appeal from the Clinton Circuit Court

The Honorable Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-1505-AD-7

**Bradford, Judge.**

# Case Summary

On May 27, 2015, Appellees-Petitioners C.C. and S.C. (collectively, "the Appellees") filed a petition to adopt C.G.C. On May 14, 2016, Appellees filed a motion for summary judgment, requesting that the trial court find that Appellant-Respondent M.T. had given his irrevocable implied consent to the adoption by failing to register with the Putative Father Registry ("the Registry") as required by Statute. Following a hearing on the Appellees' motion, the trial court granted summary judgment in favor of the Appellees. M.T. appeals from this order, arguing that the trial court erred in doing so. Concluding otherwise, we affirm.

# Facts and Procedural History

C.G.C. was born on April 8, 2013. O.C. is the biological mother of C.G.C. It is believed that M.T. is the biological father of C.G.C., but M.T. has never established paternity or registered as C.G.C.'s putative father.

C.G.C. tested positive for opiates at birth and was removed from O.C.'s care. C.G.C. was placed with the Appellees in September of 2013. They became C.G.C.'s legal guardians on June 23, 2014. On May 27, 2015, Appellees filed a petition to adopt C.G.C. Appellees subsequently filed a motion for summary judgment, requesting that the trial court find that M.T. had given his irrevocable implied consent to the adoption by failing to register with the Registry as required by Statute. Following a hearing on the Appellees' motion,

the trial court granted summary judgment in favor of the Appellees. This appeal follows.

# Discussion and Decision[1]

## I. Overview of Relevant Authority

### A. Standard of Review

Summary judgment is appropriate only where no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Settles v. Leslie*, 701 N.E.2d 849, 852 (Ind. Ct. App. 1998). Genuine issues of material fact exist where facts concerning an issue which would dispose of the litigation are in dispute. *Settles*, 701 N.E.2d at 852. The moving party has the initial burden of demonstrating, prima facie, the absence of genuine issues of material fact. *Id*. If the moving party does so, the burden then falls upon the non-moving party to identify a factual dispute which would preclude summary judgment. *Id*. Upon appeal of a grant of summary judgment, we apply the same standard as the trial court, resolving any factual disputes or conflicting inferences in favor of the non-moving party. *Id*. We consider only those portions of the record specifically designated to the trial court. *Id*. Upon appeal, the non-moving party bears the burden of persuasion and must specifically point to the disputed material facts and the designated evidence pertaining thereto. *Id*. We will liberally construe the designated evidence in favor of the non-movant, so that he is not improperly denied his day in court. *Id*.

---

[1] We note that our review of the instant matter was initially hindered because the Table of Contents filed with Appellant's Appendix is inaccurate as it contains the wrong caption and does not correctly reflect the documents contained therein. We remind M.T.'s counsel that one should exercise caution when submitting documents to the court to make sure that such submissions are accurate.

> Nevertheless, we will not become an advocate for a party, and the trial court's entry of summary judgment will be affirmed if it may be sustained upon any theory or basis found in the evidentiary material designated to the trial court. *Id*.

*Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 926-27 (Ind. Ct. App. 2003).

## B.  The Putative Father Registry

Indiana established the Putative Father Registry (the "Registry") in 1994.  *In re Adoption of K.G.B.*, 18 N.E.3d 292, 296 (Ind. Ct. App. 2014) (citing *In re Paternity of G.W.*, 983 N.E.2d 1193, 1196 (Ind. Ct. App. 2013)).  Statutes governing registration on the Registry apply to a putative father whenever:

> (1) an adoption under IC 31-19-2 has been or may be filed regarding a child who may have been conceived by the putative father; and
> (2) on or before the date the child's mother executes a consent to the child's adoption, the child's mother has not disclosed the name or address, or both, of the putative father to the attorney or agency that is arranging the child's adoption.

Ind. Code § 31-19-5-1(a).  However, the statutes governing registration on the Registry do not apply "if, on or before the date the child's mother executes a consent to the child's adoption, the child's mother discloses the name and address of the putative father to the attorney or agency that is arranging the child's adoption."  Ind. Code § 31-19-5-1(b).

> If, on or before the date the mother of a child executes a consent to the child's adoption, the mother does not disclose to an attorney or agency that:

> (1) is arranging; or
> (2) may arrange;
> an adoption of the child *the name or address, or both, of the putative father of the child*, the putative father must register under this chapter to entitle the putative father to notice of the child's adoption.

Ind. Code § 31-19-5-5 (emphasis added). To be entitled to notice of an adoption, a putative father must register with the Registry no later than:

> (1) thirty (30) days after the child's birth; or
>
> (2) the earlier of the date of the filing of a petition for the:
> > (A) child's adoption; or
> > (B) termination of the parent-child relationship
> > between the child and the child's mother;
> whichever occurs later.

Ind. Code § 31-19-5-12(a). "A putative father who fails to register within the period specified by [Indiana Code section 31-19-5-12(a)] waives notice of an adoption proceeding. The putative father's waiver under this section constitutes *an irrevocably implied consent* to the child's adoption." Ind. Code § 31-19-5-18 (emphasis added). Further, a person whose consent to adoption is irrevocably implied "may not contest the adoption or the validity of the person's implied consent to the adoption." Ind. Code § 31-19-9-19.

## II. Analysis

In filing their motion for summary judgment, the Appellees requested the trial court to rule that M.T. had given his irrevocable implied consent to the adoption by failing to timely register with the Registry. The trial court granted

the Appellees' motion for summary judgment after the Appellees designated evidence that M.T. had failed to either register with the Registry or establish paternity of C.G.C.

[7] M.T. contends that the trial court erred in granting the Appellees' motion for summary judgment. In making this contention, M.T. argues that the statutes requiring registration on the putative father registry did not apply to him because (1) Mother did not consent to the adoption and (2) Mother provided Appellees' counsel with his name and address. M.T., however, did not raise these arguments below and failed to designate any materials before the trial court to substantiate these factual claims.

[8] In reviewing an award of summary judgment, we consider only those materials designated before the trial court. *See Meisenhelder*, 788 N.E.2d at 926-27. The Appellees designated materials before the trial court to support their assertion that M.T. was required to register with the Registry. They also designated materials before the trial court establishing that M.T. failed to do so. M.T. did not designate any materials to counter the Appellees' designated materials. In fact, he merely responded to the Appellees' submission of the designated materials by stating the following: "1. That the Father, [M.T.], has advised his counsel to take no further action and spend no additional time in responding to Petitioners' Motion for Summary Judgment[.]" Appellant's App. Vol. II, p. 53. Thus, given the record before us on appeal, we cannot say that the trial court erred by granting summary judgment in favor of the Appellees.

The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.